RECEIVED
IN LAKE CHARLES, LA.
NOV 17 2014
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARMEN MALBROUGH & LIONEL SIMON, | * | CIVIL ACTION NO. 2:11-CV-1842 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| KANAWHA INSURANCE COMPANY & GILCHRIST CONSTRUCTION COMPANY, L.L.C., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [Doc. 85] pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the defendant, Willis of Louisiana, Inc. ("Willis"), to which the plaintiffs have filed an Opposition [Doc. 91], and the defendants have filed a Reply [Doc. 97], to which the plaintiffs have filed a Supplemental Memorandum [Doc. 106]. For the following reasons, the Motion [Doc. 85] be and hereby is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

In December of 2009, Ronald Simon ("the decedent") selected Life Insurance and Accidental Death Dismemberment Insurance through a website set up by one of the defendants, Gilchrist Construction Company, LLC ("Gilchrist").[1] Gilchrist had previously hired defendant, Willis of Louisiana, Inc. ("Willis"), to act as a broker and gather information about available group insurance policies for Gilchrist.[2] Using quotes received from various insurers, Willis

---

[1] Pls.' Fifth Supp. and Am. Pet for Damages [Doc. 107] ¶ 12.
[2] *Id.* ¶ 11.

prepared a proposal summary chart, and a quote from defendant Kanawha Insurance Company ("Kanawha") was included in the Willis proposal summary chart.[3]

The written quote that Kanawha gave to Willis contained a five (5) times salary limitation on Life and Accidental Death and Dismemberment insurance.[4] However, Willis failed to include this limitation in the proposal summary that Willis prepared for Gilchrist.[5] Using the Willis proposal summary, Gilchrist set up a website for selecting coverage through Kanawha that did not include the five times salary limitation.[6] It was this website that the decedent used to select his insurance coverage.[7]

Willis took no action, either in writing or verbally, to correct the mistake contained in the proposal summary chart provided to Gilchrist.[8] Neither Gilchrist nor Kanawha ensured that the salary limitation was imposed on the computer program used by Gilchrist employees, including the decedent, to select coverage.[9] The decedent made approximately $30,000 per year but was ultimately able to purchase $350,000 in total Life Insurance and $350,000 total in Accidental Death Insurance through Gilchrist's website.[10]

On December 21, 2010, the decedent died after being backed over by a bulldozer.[11] After the decedent's death, the plaintiffs filed their claims as beneficiaries under both the Life and Accidental Death and Dismemberment policies.[12] Kanawha paid $300,000 to the beneficiaries but then refused to make any other payments; a denial of benefits was issued on May 27, 2011.[13]

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] Pls.' Fifth Supp. and Am. Pet for Damages [Doc. 107] ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 11.
[9] *Id.*
[10] *Id.* ¶ 12.
[11] Pls.' Fifth Supp. and Am. Pet for Damages [Doc. 107] ¶ 14.
[12] *Id.* ¶ 19.
[13] Pls.' Opp'n to Mot. to Dismiss Filed by Willis of Louisiana, Inc. [Doc. 91], at 3-4.

On September 15, 2011, the plaintiffs filed suit against Gilchrist and Kanawha in the Thirty-First District Court for the Parish of Jefferson Davis.[14] The case was thereafter removed to this court under 28 U.S.C. § 1331, federal question jurisdiction.[15] Willis was added as a defendant in this matter in the plaintiffs' Third Supplemental and Amending Petition for Damages [Doc. 73] on March 26, 2014. Willis then filed the instant Motion to Dismiss [Doc. 85] on May 22, 2014. In the Motion, Willis argues that the plaintiffs' suit is untimely.[16]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

In ruling on motions to dismiss under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Jackson v. NAACP*, No. 12-20399, 2013 U.S. App. LEXIS 20493, at *9 (5th Cir. Oct. 8, 2013) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (additional citation omitted)). "The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff." *Herbert v. Delta Airlines, Inc.*, No. 11-cv-1574, 2012 U.S. Dist. LEXIS 93848, at *6 (W.D. La. Jun. 5, 2012) (citing *In re Katrina Canal Breaches*

---

[14] Not. of Removal [Doc. 1].
[15] *Id.*
[16] *See* Memo. in Supp. of Willis of Louisiana, Inc.'s Mot. to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6) [Doc. 85-1].

3

*Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted)). However, conclusory allegations are not to be accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual conclusion." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### I. Whether the Plaintiffs' Claim Against Willis Is Preempted by ERISA

Willis asserts that the plaintiff's claim is not preempted by ERISA and therefore subject to Louisiana's three-year peremptive period for such claims.[17] The plaintiffs argue that the claim against Willis is preempted by ERISA, and as such, subject to a ten-year prescriptive period under Louisiana law.[18]

The preemption clause in ERISA states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a). "A state cause of action relates to an employee benefit plan whenever it has 'a connection with or reference to such plan.'" *Hobson v. Robinson,* 75 Fed.Appx. 949, 952 (5th Cir. 2003) (quoting *Hubbard v. Blue Cross & Blue Shield Assoc.,* 42 F.3d 942, 945 (5th Cir. 1995)). There is a two-prong test to determine whether a claim is preempted by ERISA: (1) whether the claim addresses areas of exclusive federal concern and not of traditional state authority, and (2) whether the claim

---

[17] *See* Mem. in Supp. of Willis of Louisiana, Inc.'s Mot to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6) [Doc. 85-1]; and Reply Mem. in Supp. of Willis of Louisiana, Inc.'s Mot. to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6) [Doc. 97].
[18] *See* Pls.' Opp'n to Mot. to Dismiss Filed by Willis of Louisiana, Inc. [Doc. 91]; and Pls.' Supp. Mem. in Opp'n to Mot. to Dismiss Filed by Willis of Louisiana, Inc. [Doc. 106].

4

directly affects the relationship among traditional ERISA entities. *Id.* at 953. Traditional ERISA entities are the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Id.*

The plaintiffs allege that Willis was negligent in providing incorrect plan information to the decedent.[19] Claims arising from the procurement of a plan are not typically preempted by ERISA because they are the types of claims that fall under traditional state authority. *See Hobson*, 42 F.3d at 956 (holding breach of contract claims were preempted but that fraud and misrepresentation claims arising from the procurement of the plan were not); *Smith v. Tex. Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (holding that fraudulent-inducement claim was not preempted); and *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990) (holding that an independent agent's fraudulent solicitation was not preempted); *see also Moss v. Hartford Life & Acc. Ins. Co.*, No. 10-0023, 2010 WL 1854029 *4 (W.D.La. May 7, 2010). The allegation that Willis made a negligent misrepresentation that induced the decedent to purchase a plan is not an area of exclusive federal concern.

Furthermore, a claim based on inducing participation in an ERISA plan that does not provide the promised coverage only "relates to" that plan indirectly. *Perkins*, 898 F.2d at 473; *Moss*, 2010 WL 1854029 * 4 (some examination of policy to compare representations made about the ERISA plan to the plan itself insufficient to support ERISA preemption). Finally, the plaintiffs' claim against Willis does not affect a relationship among traditional ERISA entities. Willis was not the decedent's employer, and it is not a fiduciary of the plan. Therefore, this court holds that the plaintiffs' claim against Willis is not preempted by ERISA.

---

[19] Pls.' Fifth Supp. and Am. Pet. for Damages [Doc. 107] ¶ 11.

## II. Applicable Prescriptive or Peremptive Period

The plaintiffs concede that if the claim against Willis is not preempted by ERISA, then Louisiana law controls the commencement date and length of limitations period.[20] Under Louisiana law, prescription commences when a plaintiff "obtains actual or constructive knowledge of facts indicating to a reasonable person" that he has been the victim of a tort. *Campo v. Correa,* 828 So.2d 502, 510 (La. 2002). "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11.

Louisiana Revised Statute 9:5606 dictates the prescriptive period in this case. The statute provides that "no action for damages . . . shall be brought . . . unless filed . . . within one year from the date that the alleged act, omission or neglect is discovered or should have been discovered." La. R.S. § 9:5606(A). This time period is peremptive and may not be renounced, interrupted or suspended. *Id.* § 9:5606(D).

Plaintiffs received a denial of benefits on May 17, 2011.[21] This denial was enough to indicate to the plaintiffs that they had been the victims of a tort. Plaintiffs filed suit against the decedent's employer and insurance company approximately four months after the denial of benefits in May. Willis was not added as a defendant in this action until almost three years after the denial of benefits—well outside of the one-year peremptive period.

However, even if an argument can be made that the one-year prescriptive period did not commence until later, the claim is still perempted under the three-year bar to claims. Louisiana Revised Statute 9:5606 provides that all claims are perempted unless filed within three years from the date of "the alleged act, omission, or neglect." La.R.S. § 9:5606(A). The plaintiffs

---

[20] Pls.' Supp. Mem. in Opp'n to Mot. to Dismiss Filed by Willis of Louisiana, Inc. [Doc. 106], at 1.
[21] Pls.' Fifth Supp. and Am. Pet for Damages [Doc. 107] ¶ 28.

allege that the decedent purchased his insurance policy in December 2009.[22] The misrepresentation that induced the decedent to purchase the policy must have occurred prior to that date. In any event, the alleged act or omission could not have occurred after the decedent's death in 2010. Willis was not added to the suit until 2014—over three years after either date of alleged act or omission. Therefore, the plaintiffs' claim against Willis is perempted. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss [Doc. 85] be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** all claims against Willis arising from the above-captioned matter be and hereby are **DISMISSED, WITH PREJUDICE**, each party to bear his own costs.

Lake Charles, Louisiana, this 11 day of November, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[22] *Id.* ¶ 12.