RECEIVED
IN LAKE CHARLES, LA.
SEP 18 2015
TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARMEN MALBROUGH & LIONEL SIMON,** | * | CIVIL ACTION NO. 2:11-CV-1842 |
| **Plaintiffs,** | * | |
| v. | * | JUDGE MINALDI |
| **KANAWHA INSURANCE COMPANY & GILCHRIST CONSTRUCTION COMPANY, LLC,** | * | |
| **Defendants.** | * | MAGISTRATE JUDGE KAY |

*******************************************************************

## OPINION

The plaintiffs, Carmen Malbrough and Lionel Simon, brought this lawsuit against Gilchrist Construction Company, LLC ("Gilchrist") and Kanawha Insurance Company ("Kanawha"),[1] pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").[2] The plaintiffs alleged that Gilchrist and Kanawha refused to make a full payment of benefits under Life and Accidental Death and Dismemberment policies insuring the late Ronald Simon.[3]

This court presided over a bench trial commencing on September 2, 2015. Having carefully considered the evidence presented at trial and the arguments of the parties, the court hereby enters the following findings of fact and conclusions of law. To the extent that any finding of fact constitutes a conclusion of law, the court hereby adopts it as such, and to the extent that any conclusion of law constitutes a finding of fact, the court hereby adopts it as such.

## FINDINGS OF FACT

---

[1] Pls.' Fifth Supp. and Am. Pet. for Damages [Doc. 107] ¶ 1.
[2] *Id.* at ¶ 23.
[3] *Id.* at ¶ 20.

1

On January 1, 2009, Gilchrist purchased a group term insurance policy (the "Policy") for its employees from Kanawha. The Policy specified that employees could purchase Life and Accidental Death and Dismemberment insurance in an amount up to five times their basic annual earnings.[4] Gilchrist had previously hired Willis of Louisiana, Inc. ("Willis"),[5] to act as a broker and gather information about available group insurance policies for Gilchrist. Using quotes received from various insurers, Willis prepared a Proposal Summary Chart ("Chart").[6] A quote from defendant Kanawha was included in the Chart, but it did not contain the five times salary limitation.[7] In the same binder of documents that included the Chart, Willis also submitted a three-page Policy Proposal ("Proposal") provided by Kanawha.[8] Although the first page of the Proposal contained benefit amounts but omitted the five times salary limitation,[9] the third page contained the five times salary limitation.[10] Mr. Johnson, the Director of Risk Management for Gilchrist when the Policy was purchased, testified that Gilchrist only looked at the Chart, and not the Proposal, when it decided to purchase the Policy from Kanawha.

Gilchrist was the Policy administrator, the Policy sponsor, and the named fiduciary. In connection with its duties as the Policy administrator, Gilchrist set up a website through which employees could purchase coverage. Gilchrist used the Chart to set up the website, and thus the website did not contain the five times salary limitation on Life and Accidental Death and Dismemberment insurance. It was this website that Mr. Simon, the decedent, used to select his insurance coverage.

---

[4] Defs.' Ex. 1.
[5] Willis of Louisiana, Inc., was dismissed as a party on November 17, 2014. *See* Order [Doc. 110].
[6] Defs.' Ex. 14.
[7] *Id.*
[8] Pls.' Ex. 11.
[9] *Id.* at 1.
[10] *Id.* at 3.

Case 2:11-cv-01842-PM-KK   Document 148   Filed 09/18/15   Page 3 of 6 PageID #: 2479

Under the Policy, Mr. Simon was only eligible for a maximum of $150,000 of basic and supplemental Life insurance, and $150,000 of basic and supplemental Accidental Death and Dismemberment insurance (or, $300,000 total).[11] Nevertheless, Gilchrist's website permitted Mr. Simon to elect $350,000 of basic and supplemental Life insurance, and $350,000 of basic and supplemental Accidental Death and Dismemberment insurance (or, $700,000 total). Gilchrist deducted the premiums for that amount of insurance from his paycheck and transmitted the premiums to Kanawha. Mr. Simon paid all his premiums in good faith with no knowledge that he had elected more benefits than the Policy allowed.

As Policy administrator, Gilchrist was also responsible for providing insured employees with the "Certificate of Group Term Life Insurance for: Class I All Eligible Active Full Time Hourly Employees of Gilchrist Construction Company" ("Certificate").[12] The Certificate is essentially a plan summary document, and it contained the five times salary limitation on Life and Accidental Death and Dismemberment insurance.[13] There is no evidence that Gilchrist ever distributed the Certificate to Mr. Simon.

On December 21, 2010, Mr. Simon died after being backed over by a bulldozer. After Mr. Simon's death, the plaintiffs filed their claims as beneficiaries under both the Life and Accidental Death and Dismemberment policies. Kanawha directly paid each of the plaintiffs $150,000 in benefits in February 2011, for a total of $300,000. However, Kanawha refused to pay the remaining $400,000 of the $700,000 coverage which Mr. Simon had attempted to elect for the Life and Accidental Death and Dismemberment policies, because that amount exceeded the maximum coverage available to him under the terms of the Policy.

---

[11] Although $300,000 exceeded five times Mr. Simon's earnings, Kanawha allowed Mr. Simon and other Gilchrist employees to "grandfather" in the amount of benefits from their previous insurance policies.
[12] Defs.' Ex. 2.
[13] *Id.* at 9.

## **CONCLUSIONS OF LAW**

### I.     Jurisdiction

The plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. This court therefore has federal jurisdiction pursuant to 28 U.S.C. § 1331.

### II.    ERISA § 502(a)(3)

The plaintiffs contend that they are entitled to recover monetary compensation and any other available equitable relief pursuant to ERISA § 502(a)(3), under the theories of surcharge, equitable estoppel, and waiver/ratification.

Under ERISA, a plan administrator is considered to be "a trustee-like fiduciary." *CIGNA Corp. v. Amara*, --- U.S. ---, 131 S.Ct. 1866, 1877, 179 L.Ed.2d 843 (2011). The administrator of an ERISA plan "manages the plan, follows its terms in doing so, and provides participants with the summary documents that describe the plan . . . in readily understandable forms." *Id.* In such circumstances, a fiduciary must observe a "[p]rudent man standard of care" when performing its duties. ERISA § 404(a), 29 U.S.C. § 1104(a) (2012). This entails exercising "care, skill, prudence, and diligence under the circumstances," and acting "in accordance with the documents and instruments governing the plan." *Id.* § 404(a)(1)(B), (D).

Section 502(a)(3) allows for the equitable remedy of surcharge, which "provide[s] relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Amara*, 131 S.Ct. at 1880 (2011); *see also Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013). "[A] fiduciary can be surcharged under § 502(a)(3) only upon a showing of actual harm—proved . . . by a preponderance of the evidence." *Amara*, 131 S.Ct. at 1881. Detrimental reliance is sufficient to prove actual harm. *Id.* Recovery is

not limited to premiums paid for the benefits in dispute. *Gearlds*, 709 F.3d at 451 (discussing *McCravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012)).

From the onset, Gilchrist breached its fiduciary duty. Gilchrist acknowledged that it was the Policy administrator, and as such it was a fiduciary in regard to the responsibilities of administration. Gilchrist purchased the Policy based on the Chart, a summary document created by a third party that omitted the five times salary limitation, without even examining the very manageable three-page Proposal provided by Kanawha, which included the five times salary limitation. Gilchrist then implemented the Policy, based on the erroneous Chart, by establishing a website to facilitate enrollment in the Policy that inevitably lacked the five times salary limitation. The inaccurate website allowed Mr. Simon to select benefits clearly prohibited by the Policy. Finally, the evidence indicates that Gilchrist failed to provide Mr. Simon with the Certificate, a summary document that included the five times salary limitation.

By relying solely on the erroneous Chart when establishing the website, Gilchrist did not exercise "care, skill, prudence, and diligence under the circumstances." Moreover, Gilchrist clearly failed to act "in accordance with the documents and instruments governing the plan" when it calculated, deducted, and transmitted premiums based on Mr. Simon's prohibited insurance coverage. Gilchrist also neglected its duty to "provide[] participants with the summary documents that describe the plan . . . in readily understandable forms" when it did not provide Mr. Simon with the Certificate. The court concludes that Gilchrist failed to observe a "[p]rudent man standard of care" in the administration of the Policy, and thus Gilchrist breached its fiduciary duty.

Furthermore, Mr. Simon suffered actual harm. Mr. Simon reasonably relied on the website when selecting his insurance coverage, especially in light of the fact that he never

received the Certificate which contained the five times salary limitation. This reliance was detrimental because Mr. Simon paid premiums for coverage not permitted by the Policy, and because it denied Mr. Simon the opportunity to purchase insurance that allowed for the benefits he desired elsewhere. Thus, Mr. Simon suffered actual harm as a result of Gilchrist's breach of its fiduciary duty. Therefore, the court holds that the plaintiffs are entitled to recover monetary compensation in the amount of $400,000 plus interest from the date of judicial demand against Gilchrist pursuant to § 502(a)(3) under the equitable remedy of surcharge.

## CONCLUSION

Based upon the above and foregoing, the court finds in favor of the plaintiffs, Carmen Malbrough and Lionel Simon, against defendant Gilchrist Construction Company, LLC.

Lake Charles, Louisiana, this 17 day of Sept 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE